UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA,<br>CDCR #J-48500,<br><br>                                Plaintiff,<br><br>vs.<br><br>MICHAEL M. ANELLO; WILLIAM Q. HAYES; LARRY A. BURNS; WILLIAM V. GALLO; BARRY T. MOSKOWITZ; ANDREW G. SCHOPLER; RUBEN B. BROOKS; JAN M. ADLER; ANTHONY J. BATTAGLIA; CYNTHIA BASHANT; JANIS L. SAMMARTINO; JILL L. BURKICK; CATHY A. BENCIVENGO; JOHN A. HOUSTON; BARBARA L. MAJOR; DANA M. SABRAW; GONZALO P. CURIEL,<br><br>                                Defendants. | Case No.: 3:20-cv-00111-AJB-LL<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a)** |

Plaintiff Steven Wayne Bonilla, proceeding pro se and currently incarcerated at San Quentin State Prison has filed a civil action. (*See* ECF No. 1, Compl.)

**I.    Failure to Pay Filing Fee or Request IFP Status**

All parties instituting any civil action, suit or proceeding in a district court of the

1

United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. Section 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the Plaintiff is a prisoner, and even if he is granted leave to commence his suit IFP, he remains obligated to pay the entire filing fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his case is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Plaintiff has not prepaid the $400 in filing and administrative fees required to commence this civil action, nor has he submitted a properly supported Motion to Proceed IFP pursuant to 28 U.S.C. Section 1915(a). Therefore, his case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

## II. Conclusion and Order

For the reasons set forth above, the Court hereby:

(1) **DISMISSES** this action sua sponte without prejudice for failure to pay the $400 civil filing and administrative fee or to submit a Motion to Proceed IFP pursuant to 28 U.S.C. Section 1914(a) and Section 1915(a); and

(2) **GRANTS** Plaintiff **thirty (30)** days leave from the date this Order is filed to: (a) prepay the entire $400 civil filing and administrative fee in full; or (b) complete and file a Motion to Proceed IFP which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. Civ. L.R. 3.2(b).

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Oct. 1, 2019)). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

2
3:20-cv-00111-AJB-LL

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff with this Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*." If Plaintiff fails to either prepay the $400 civil filing fee or complete and submit the enclosed Motion to Proceed IFP within 30 days, this action will remain dismissed without prejudice based on Plaintiff's failure to satisfy the fee requirements of 28 U.S.C. Section 1914(a) and without further Order of the Court.[2]

**IT IS SO ORDERED.**

Dated: February 26, 2020

Hon. Anthony J. Battaglia
United States District Judge

---

[2] The Court notes that recusal is not required even though Plaintiff has named as Defendants many current and former judges of the Southern District of California, including the undersigned. *See Perry v. Schwarzenegger*, 630 F.3d 909, 916 (9th Cir. 2011) ("It is . . . important . . . that judges not recuse themselves unless required to do so, or it would be too easy for those who seek judges favorable to their case to disqualify those that they perceive to be unsympathetic merely by publicly questioning their impartiality."). Among those named as Defendants are all the members of the Court currently hearing prisoner cases. Thus, to recuse under these circumstances could lead to an untenable situation in which the entire Southern District of California would be foreclosed from deciding Plaintiff's present and future actions. *See Ignacio v. Judges of the U.S. Court of Appeals for the Ninth Circuit*, 453 F.3d 1160, 1164-65 (9th Cir. 2006) (applying the rule of necessity, which provides that a judge is not disqualified from hearing a case that "cannot be heard otherwise").

3

3:20-cv-00111-AJB-LL